IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal No. 06-043 (RMU) |
| | : | |
| MELVIN GEORGE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MOTION TO SUPPRESS

Melvin George, through counsel, moves this Court for an order suppressing any and all evidence seized from his person as a result of his encounter with law enforcement officers on about December 30, 2005 on the basis of a warrantless search and seizure which violated his Fourth Amendment rights under the United States Constitution protecting him against unreasonable searches and seizures.[1]  Such evidence includes, but is not limited to, a jacket and eyeglasses.

### INTRODUCTION

A one Count indictment was filed with the court in the instant case on February 16, 2006 which charges Mr. George with Bank Robbery, in violation of 18 U.S.C. § 2113(a).  Mr. George appeared before this Court on March 7, 2006 for his arraignment.  At his arraignment, Mr. George entered a not guilty plea and requested a speedy jury trial.  At this arraignment, the court also set a motions schedule and a date for Mr. George's motions hearing.

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. George's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

**STATEMENT OF FACTS**[2]

On December 8, 2005, a Citibank branch which is located at 1749 ½ Columbia Road, N.W., Washington, D.C. was allegedly robbed. The government contends that the individual who allegedly robbed the bank successfully escaped with about $2,095. At some later date, the government alleges that Mr. George's sister informed the police that she believes that Mr. George is the person who robbed the Columbia Road Citibank branch. On about December 30, 2005, Mr. George was detained in relation to a matter unrelated to the bank robbery. During this detention, law enforcement officers, without a warrant, seized a jacket and eyeglasses which were being worn by Mr. George on that day.

**ARGUMENT**

**I.    THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE THE WARRANTLESS SEARCH AND SEIZUR INVOLVING MR. GEORGE VIOLATED HIS FOURTH AMENDMENT RIGHTS.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless stops, searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause. See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985). In the instant case, the search and seizure involving Mr. George were unreasonable considering that such action was taken by law enforcement officers without a warrant or without any legitimate exception to the warrant requirement such as probable cause.

---

[2] This statement of facts is a summary based on statements which are contained in police reports.

For these reasons, the search and seizure involving Mr. George on about December 30, 2005 violated the Fourth Amendment of the United States Constitution. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances,[3] Mr. George requests that all items seized as a result of the unlawful activity be suppressed. Such items include, but are not limited to, a jacket and eyeglasses.

II.     **THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE SEARCH AND SEIZURE INVOLVING MR. GEORGE.**

As discussed above, Mr. George asserts that the warrantless search and seizure involving him violated the Fourth Amendment. Because the search and seizure involving Mr. George were conducted without a warrant, the government bears the burden of proving that such conduct was legal. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971) (plurality opinion). Furthermore, searches conducted without prior judicial approval through the issuance of a search warrant are per se deemed to be unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to law enforcement officers at the time of the search and seizure in this case justified their actions. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). Although certain exceptions to the warrant requirement have developed, these exceptions are "jealously and carefully drawn." Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed. 2d 1514 (1957).

---

[3] See Wong Sun v. United States, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, Mr. George claims that the search and seizure involving him were unlawful. If the government disagrees, it should be required to justify the search and seizure at a hearing. If it cannot do so, Mr. George respectfully requests that this Court suppress all evidence seized, and fruits thereof, as a result of the unconstitutional search and seizure.

Mr. George respectfully requests an evidentiary hearing on this motion.

                                Respectfully submitted,

                                A. J. KRAMER
                                FEDERAL PUBLIC DEFENDER

                                _____/s/_____
                                Tony W. Miles
                                Assistant Federal Public Defender
                                625 Indiana Avenue, N.W.
                                Suite 550
                                Washington, D.C.  20004
                                (202) 208-7500