IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Criminal No. 06-43 (RMU)** |
| : | |
| **MELVIN GEORGE,** : | |
| : | |
| **Defendant.** : | |
| : | |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
AND REQUEST FOR EVIDENTIARY HEARING**

Melvin George, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial any statements he allegedly made in connection with this case because they were obtained in violation of the Fourth Amendment; they were made in violation of his Fifth Amendment right under the United States Constitution and; they were involuntarily made. An evidentiary hearing on this motion is respectfully requested.

**BACKGROUND**

A one Count indictment was filed with the court in the instant case on February 16, 2006 which charges Mr. George with Bank Robbery, in violation of 18 U.S.C. § 2113(a). Mr. George appeared before this Court on March 7, 2006 for his arraignment. At his arraignment, Mr. George entered a not guilty plea and requested a speedy jury trial. At this arraignment, the court also set a motions schedule and a date for Mr. George's motions hearing.

The indictment in this case was returned on the basis of an alleged bank robbery which took place December 8, 2005 at 1749 ½ Columbia Road, N.W., Washington, D.C. On about December 30, 2005, Mr. George was detained in connection with a matter unrelated to the bank robbery.

During his detention, Mr. George gave a statement which was videotaped by the police officers. The videotape reveals, however, that Mr. George advised the police that he wanted to have a lawyer present before answering any questions. Mr. George advised the police of his desire to have counsel present before he made any statements regarding the alleged bank robbery. The video tape further reveals that at no time did Mr. George ever waive his right to counsel.

## ARGUMENT

### Mr. George's Statements Were Made in Violation of His Fifth Amendment Right Under the United States Constitution

Mr. George's statements were obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). For that reason, they must be suppressed. There can be no finding that, when he allegedly made the statements at issue in this case, Mr. George intentionally relinquished a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

### Mr. George's Statements were Made Involuntarily

The government must prove by a preponderance of the evidence that Mr. George's statements were made voluntarily. Lego v. Twomey, 404 U.S. 777 (1972). The Court must consider the "totality of the circumstances" in deciding whether Mr. George made any statements voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967). Specifically, the Court must examine the efforts to overbear Mr. George's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe v. Connecticut, 367 U.S. 568, 607 (1961). The Court must examine Mr. George's

"background, experience, and conduct," <u>North Carolina v. Butler</u>, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will. <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1980).

## CONCLUSION

For all the forgoing reasons, either one of which alone is sufficient to compel suppression of Mr. George's statements in this case, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings which Mr. George explicitly reserves the right to file, Melvin George, through counsel, respectfully requests that this motion be granted and that any statements made by him be suppressed as evidence against him at trial.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500