IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. : 06-43(RMU)** |
| : | |
| **v.** : | |
| : | |
| **MELVIN GEORGE,** : | |
| : | |
| **Defendant.** : | |
| : | |

GOVERNMENT'S MOTION TO COMPEL PRODUCTION
OF DNA AND HAIR SAMPLES

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order granting the government's motion to compel the production of DNA and hair samples by the defendant in the above-referenced case. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

    The defendant has been charged by indictment with robbing a Citibank on December 8, 2005. Surveillance video taken during the robbery shows that the robber was wearing what appears to be a multi-colored kufi on his head during the robbery. On December 27, 2005, the defendant's sister turned over to the police a kufi that she said the defendant had in his possession on the date of the robbery, and which appears to be the same kufi the robber was wearing. At the time it was turned over, the kufi appeared to have at least one strand of hair entangled in it. That hair, and any other similar evidence, may be suitable for DNA and/or hair fiber comparison to see whether it can be linked to the defendant. Therefore, it is appropriate to obtain known samples of the defendant's hair and DNA. The government intends to collect the defendant's DNA by swabbing the inside of his

cheeks.

It is well settled that the Fifth Amendment privilege against self incrimination "does not preclude the use of one's body as evidence." United States v. Nesmith, 121 F. Supp. 758, 760 (D.D.C. 1954). Thus, for example, taking a defendant's fingerprints and using them as evidence for the purpose of identification is appropriate. Id. at 762 (citing United States v. Kelly, 55 F.2d 67 (2d Cir. 1932)). In this case, using the defendant's hair and DNA to help identify him as the bank robber would also be appropriate. See United States v. Opdahl, 610 F.2d 490, 491 (8th Cir. 1979), cert. denied, 100 S.Ct. 1056 (1980)(hair samples from ski mask used in a robbery compared with defendant's known hair samples). In other words, requiring a defendant to be fingerprinted, measured, viewed or to reveal other physical characteristics -- such as his hair type -- is not testimonial self incrimination. United States v. Holt, 218 U.S. 245, 252 (1910) (defendant required to put on blouse); see United States v. Wade, 388 U.S. 218 (1967) (uttering specific words during line-up); Gilbert v. California, 338 U.S. 263 (1967) (handwriting exemplars); United States v. Schmerber, 384 U.S. 757, 764(1966) (taking blood samples is permissible).

It is also settled that no Fourth Amendment privacy interest is violated when fingerprints, hair samples or similar physical characteristics are observed, taken or recorded. See United States v. O'Mara, 410 U.S. 19, 22 (1973) (handwriting exemplars permitted); United States v. Dionisio, 410 U.S. 1, 8 (1973) (voice exemplars permitted). Furthermore, the taking of fingerprints or hair and DNA samples is not a "critical stage" in a criminal proceeding, and therefore this procedure does not trigger the Sixth Amendment right to have counsel present. See Lewis, supra, 382 F.2d at 819. Nevertheless, the government does not oppose defense counsel's presence when the samples are taken.

WHEREFORE, the government requests that this Court order the defendant to provide hair and DNA samples.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451058

By: _____
        Frederick Yette, DC Bar # 385391
        Assistant U.S. Attorney
        United States Attorney's Office
        Federal/Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 353-1666
        Frederick.Yette@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. : 03-405(TFH) |
| : | |
| **v.** : | |
| : | |
| **KEVIN BROWN,** : | |
| : | |
| **Defendant.** : | |
| : | |

ORDER

    Upon motion of the United States of America in the above-captioned case for an Order of Court requiring the defendant, Kevin Brown, to submit to the taking of major case fingerprints, and the Court having found probable cause to believe that the fingerprints will produce evidence of the defendant's involvement in the crimes charged, it is by the Court this _____ day of _____, 2004

    ORDERED, that defendant Kevin Brown submit to the taking of major case fingerprints, and that the fingerprints be turned over to an agent with the Federal Bureau of Investigation; and it is further

    ORDERED, that the parties work out a mutually agreeable date upon which

the defendant may be taken to the U.S. Marshal's cellblock of the U.S. District Courthouse, so that the major case fingerprints may be taken.

                                        Thomas F. Hogan, Chief Judge
                                         U.S. District Court

Copies to:

Joanne Vasco, Esq.
4102 Madison Street
Hyattsville, MD 20781

Frederick Yette, AUSA
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530