IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 06-43(RMU)** |
| | : | |
| v. | : | |
| | : | |
| **MELVIN GEORGE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' Motion to Suppress Evidence. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

Shortly after midnight on December 30, 2005, the defendant was arrested for having broken into the Turner Elementary School, 3264 Stanton Road, SE, Washington, D.C. The defendant was taken into custody for processing. At the time the defendant was arrested for burglarizing the Turner Elementary School, there was already an outstanding arrest warrant for him related to the Citibank robbery on December 8, 2005.[1] Later during the morning of December 30th, an MPD employee familiar with the Citibank investigation informed one of the detectives who had been investigating the Citibank robbery that the bank robbery suspect might be in custody because he had been arrested earlier for burglary. The detective went to visit the suspect, who was still in custody, and confirmed that it was Melvin George, the subject of the Citibank arrest warrant.

---

[1] The arresting officers did not realize the bank robbery warrant existed because the defendant was processed for the burglary under the name "Eric Melvin George," and the warrant was in the name "Melvin Eric George."

After confirming that the defendant was in custody, the detective also arrested the defendant for the Citibank robbery. As part of the arrest process, the detective seized the defendant's black coat and eyeglasses because they appeared to be the same items the bank robber can be seen wearing in bank surveillance video taken during the robbery.

The defendant seeks to suppress the items that were taken from him after his arrest for the Citibank robbery because those items were seized without a search warrant. However, no search warrant was required. The items were seized incident to a valid arrest, and the Supreme Court has explained that

> [a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.

U.S. v. Robinson, 94 S.Ct. 467, 477 (U.S. 1973).

In this case, the detective lawfully seized items that he believed should be preserved as evidence that the defendant had committed the Citibank robbery on December 8, 2005. The Supreme Court has recognized the need to preserve evidence as a justification for searches incident to arrest: "[t]he justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." Id. at 476. In short, there is no reason to

suppress the items seized from the defendant, and the government requests that the Court deny the motion to suppress.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN
                                        United States Attorney
                                        D.C. Bar Number 451058

By: _____
                                        Frederick Yette, DC Bar # 385391
                                        United States Attorney's Office
                                        Federal Major Crimes Section
                                        555 4th Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 353-1666
                                        Frederick.Yette@usdoj.gov