UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Action No.: 06-0043 (RMU) |
| | : |
| MELVIN ERIC GEORGE, | : Document No.: 9 |
| | : |
| Defendant | : |

FILED

MAY 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM ORDER

GRANTING THE GOVERNMENT'S MOTION TO COMPEL
PRODUCTION OF DNA AND HAIR SAMPLES

This case comes before the court on the government's motion to compel the production of DNA and hair samples by the defendant. The defendant is charged in a one-count grand jury original indictment with robbing a bank on December 8, 2005, in violation of 18 U.S.C. § 2113(a). According to the government, the bank's surveillance video shows that the robber wore a striped, multi-colored kufi[1] during the robbery. Gov't's Mot. at 1. On December 27, 2005, the defendant's sister "delivered [a] kufi to the police after identifying the defendant as the bank robber shown in the surveillance video." Gov't's Reply at 1. The kufi has at least one strand of hair entangled in it. Gov't's Mot. at 1. The government moves for production of DNA and hair samples to ascertain whether the kufi can be linked to the defendant. *Id.* The defendant opposes the government's motion, arguing that the government's request violates the defendant's Fourth Amendment rights. Def.'s Opp'n at 2.

Compulsory and physically intrusive tests constitute searches of persons under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966); *Johnson v. Quander*, 440 F.3d 489, 493 (D.C. Cir. 2006). The Fourth Amendment's function, however, is "to constrain, not

---

[1] A kufi is a short, rounded cap.

against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." *Id.* at 768; *United States v. Crowder*, 543 F.2d 312, 316 (D.C. Cir. 1976). In other words, the court must determine whether testing the defendant's DNA and hair samples "respect[s] relevant Fourth Amendment standards of reasonableness." *Schmerber*, 384 U.S. at 768.

The defendant argues that the government's desire to collect hair and DNA samples is not reasonable because the government has not provided any information connecting the kufi provided by the defendant's sister with the kufi worn by the suspected robber on the day of the robbery. Def.'s Mot. at 2. The arrest warrant affidavit, however, contains a law enforcement officer's sworn statement that the kufi that the defendant's sister gave the police looks like the kufi worn by the robber. Gov't's Reply at 1-2. Thus, the collection of the defendant's DNA and hair samples is reasonable because it can potentially link the kufi worn by the robber on the surveillance video to the defendant, or it may provide relevant exculpatory evidence. Additionally, the privacy invasion caused by swabbing the inside of the defendant's cheek for DNA material and collecting a hair sample is small. *Schmerber*, 384 U.S. at 771 (holding that extraction of a blood sample from a defendant was reasonable where the method for collecting the blood sample involved almost no risk, trauma, or pain). Because the invasion to the defendant's privacy interests from compelling production of the defendant's DNA and hair samples is small, and because the results of the search can provide useful information in this case, the court determines that the requested search meets the Fourth Amendment's standards of reasonableness.

Accordingly, it is this 17th day of May, 2006,

**ORDERED** that the government's motion to compel the production of DNA and hair samples is **GRANTED**.

**SO ORDERED**.

/s/ Ricardo M. Urbina
Ricardo M. Urbina
United States District Judge