UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Number 06-043 (RMU) |
| ) | |
| MELVIN ERIC GEORGE ) | |
| ) | |

**DEFENDANT MELVIN GEORGE'S SECOND MOTION <u>IN</u> <u>LIMINE</u>**

Melvin George, through counsel, respectfully submits the following second motion in limine regarding issues related to his trial. At issue in this motion is the extent with which Mr. George will be able to impeach the credibility of a critical witness against him.

**A.    The Evidence**

As the court is well aware, Mr. George's sister, Janene George, will be a critical witness for the government in this case. It is expected that Janene George will offer testimony at trial which will implicate Mr. George in the charged bank robbery offense. According to Ms. George, Mr. George came to her residence on the day of the robbery and informed her that he had robbed a bank. Ms. George further claims that she observed Mr. George with a black bag which contained a substantial amount of money. Ms. George also alleges that Mr. George was wearing certain clothing items on the day of the robbery which match the items the robber is depicted to have been wearing in the bank's surveillance video.

Based on records and information received from the government and based on records from the District of Columbia Superior Court, Janene George has a very checkered past. These documents reveal that Ms. George has suffered somewhere between thirteen and fifteen convictions in the District of Columbia Superior Court. Her convictions involve such offenses as drug possession,

1

attempted possession with intent to distribute marijuana, simple assault, destruction of property, drinking in public and disorderly conduct. At least two of Ms. George's convictions involve crimes against a family member or a significant other.[1]

It has also come to the attention of the defense that Janene George has had three matters pending in the District of Columbia Superior Court while this case against Melvin George has been pending. She had a simple assault case (the case involving her cousin) and a violation of a Civil Protection Order matter pending in Superior Court since at least January of 2006. While Mr. George's case has been pending, Ms. George resolved her pending matters by negotiating a deal with the United States Attorney's Office for the District of Columbia. As part of the plea, the government agreed to dismiss the violation of a Civil Protection Order matter.

It has just come to the attention of defense counsel this weekend that Janene George was arrested this past Friday for Simple Assault. Undersigned counsel understands that this matter is currently pending against her in Superior Court.

Court records pertaining to Janene George also indicate that she has a long history of abusing drugs and that her probationary sentences have been repeatedly revoked. The records also indicate that Ms. George has been testing positive for drugs during the period in which she has claimed that Mr. George was involved in the bank robbery. In fact, the records show that Ms. George submitted

---

[1] In one simple assault case which occurred around the time Ms. George began making her accusations against Mr. George in relation to the instant case, Ms. George was convicted for slapping her cousin in the face. In another simple assault matter, Ms. George was convicted for conduct involving hitting a significant other in the head and on other parts of the victim's body with a pole. The conduct in this case also involved Ms. George denying the victim's request to be allowed to leave in order for the victim to go to the hospital or to go home. Ms. George also ordered the victim not to make any efforts to contact the police. Ms. George had the victim confined to her home against her will for about three days in connection with this offense.

a positive drug test on the very same day she testified before the Grand Jury (i.e. January 10, 2006). Court records also reveal that Ms. George has had her probation revoked in a matter as recent as April 28, 2006.

It has also recently come to the attention of defense counsel that Janene George has a history of mental health problems. The only documents in the possession of the defense regarding Ms. George's mental health indicate that she was treated in April of 2005 at the Psychiatric Institute of Washington.[2] The Psychiatric Institute of Washington diagnosed Ms. George as being bipolar. The Psychiatric Institute of Washington also notes that Ms. George has had "a history of bipolar disorder since 1990 with episodes of rage, anger, irritability, and racing thoughts. . . ." Ms. George is also described as having "[b]ehavior that is life threatening, destructive, or disabling to self or others." It was also noted that Ms. George was suffering from the following problems: "increased irritability, racing thoughts, getting into fist fights, spending money, and poor sleep."

**B.     Argument**

Pursuant to his Constitutional right to present a defense and his Constitutional right to confront the witnesses against him, Mr. George intends to cross examine Janene George about her drug abuse, her mental health problems, her unwillingness to follow court orders and about any motive she may have to curry favor with the prosecution in hopes for a favorable resolution of the matters she had pending in Superior Court while the instant case has been pending. Additionally, Mr. George intends to cross examine Ms. George about – and/or introduce evidence concerning –

---

[2] The court has already been given a copy of these records.

her deplorable past treatment of family members and significant others.[3]

In addition to the United States Constitution, Mr. George relies upon the following Federal Rules of Evidence to support this motion *in limine*: Rule 401, Rule 402, Rule 404(b), Rule 405(b) and Rule 608(b). Mr. George also relies on the following cases as support for this motion: United States v. Whitmore, 359 F. 3d 609 (D.C. Cir. March 5, 2004) and United States v. Manske, 186 F.3d 770 (7th Cir. 1999).

> Respectfully submitted,
>
> A.J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> _____/s/_____
> Tony W. Miles
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C. 20004
> (202) 208-7500

---

[3] In the event the court will not allow Mr. George to introduce evidence or cross examine Ms George about her past treatment of family and friends, Mr. George submits that he should be allowed to explore these issues if the government opens the door by offering evidence or making any argument regarding Ms. George's credibility based on the familial relationship she has with the accused in this matter.