UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Number 06-043 (RMU) |
| ) | |
| MELVIN ERIC GEORGE_____ ) | |
| _____ ) | |

**DEFENDANT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS**

    Melvin George, through undersigned counsel, respectfully proposes the following additional jury instructions:

**A.**    **"Redbook" instructions printed in <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. revised 2004).**

1.08    Expert Testimony

1.10    Evaluation of Prior Inconsistent Statement of a Witness (Alternative B)[1]

1.12    Impeachment By Proof of Conviction of a Crime – Witness (Janene George)

1.12A   Impeachment By Proof of Pending Case, Probation or Parole – Witness (Janene George)

1.15    Cautionary Instruction – Photographs of the Defendant (Alternative A)

2.27    Right of Defendant Not to Testify

2.70    Redacted Documents and Tapes (Defendant's exhibit 38)

5.01    Defendant's Theory of the Case (<u>see</u> Attachment A)

5.06    Identification

**B.**    **Instructions from other sources**

    *You have heard testimony from Janene George, a witness who received benefits from the government in connection with this case.

---

[1] Mr. George requests this instruction due to evidence at trial concerning a prior inconsistent statement made by Janene George before the Grand Jury on January 10, 2006.

  For this reason, in evaluating Janene George's testimony, you should consider the extent to which or whether Janene George's testimony may have been influenced by this factor. In addition, you should examine Janene George's testimony with greater caution than that of other witnesses (Instruction 4.9, <u>Ninth Circuit Manual of Model Jury Instructions</u> (Criminal) [2003]

AND

  *The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses

  You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt (Instruction 1.16, <u>Fifth Circuit Pattern Jury Instructions</u> (Criminal) [2001].

OR

  *The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

  Janene George may be considered and abuser of drugs or alcohol.

  The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol (Instruction 15.05, O'Malley, et. al., <u>Federal Jury Practice and Instructions</u> (Criminal), Fifth Ed. [2000]).

            Respectfully submitted,

            A.J. KRAMER
            FEDERAL PUBLIC DEFENDER


            _____/s/_____
            Tony W. Miles
            Assistant Federal Public Defender
            625 Indiana Avenue, N.W.
            Suite 550
            Washington, D.C. 20004
            (202) 208-7500

# ATTACHMENT  A

**MELVIN GEORGE'S PROPOSED THEORY OF THE CASE INSTRUCTION**

Melvin George's defense is that he did not commit bank robbery offense charged in this case and that the government's evidence suggesting that he committed the charged offense lacks credibility.  Ms. Henry asserts that such factors as the significant prior inconsistent statements, the drug abuse and bias associated with Janene George make the government's case too unreliable to support a conviction.  When evaluating all of the evidence presented in this case, including the forensic evidence, it is Mr. George's position that the government has not proven, beyond a reasonable doubt, that he committed the charged offense.