IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. : 06-43(RMU) |
| | : | |
| v. | : | |
| | : | |
| **MELVIN GEORGE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO MELVIN GEORGE'S SECOND MOTION IN LIMINE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion in limine to introduce certain issues when cross-examining Janene George. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

Rule 608(b) and certain rules of law permit "a party to attack the credibility of a witness by cross-examining him on specific instances of past conduct." US v. Whitmore, 359 F.3d 609, 618 (DC Cir. 2003). The defense seeks to introduce evidence of assaultive behavior by Ms. George against relatives of hers or other intimate friends. There is no indication that the defense has information that Ms. George has assaulted the defendant.

Under Rule 608(b), specific instances of past conduct are permitted if they are probative of a witness's "truthfulness or untruthfulness." The government believes that the conduct the defense wishes to introduce during cross-examination are not probative of Ms. George's credibility, or truthfulness. The past acts do not involve instances of fraud or lying. Assaultive behavior is not

probative of a witness's willingness to tell the truth or lie.

To the extent that certain matters, such as the defendant's pending cases, may be probative of whether Ms. George us biased in favor of the government, the government would not seek to prevent such cross-examination. However, we believe that the cross-examination should be limited to pending cases and whether those cases may color Ms. George's testimony, and that her history of violent acts is not relevant.

The government would also seek to prevent cross-examination regarding Ms. George's mental health because there is no suggestion in the medical records that she has suffered from delusions or hallucinations.

To the extent that she may have been using drugs during the relevant time periods, the government would not seek to prevent such cross examination.

>                   Respectfully submitted,
>
>                   KENNETH L. WAINSTEIN
>                   United States Attorney
>                   D.C. Bar Number 451058
>
>
> By:    _____
>                   Frederick Yette, DC Bar # 385391
>                   United States Attorney's Office
>                   Federal/Major Crimes Section
>                   555 4th Street, N.W.
>                   Washington, D.C. 20530
>                   (202) 353-1666
>                   Frederick.Yette@usdoj.gov