IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 06-43(RMU)** |
| | : | |
| v. | : | |
| | : | |
| **MELVIN GEORGE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## THIRD MOTION IN LIMINE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully responds to the defendant's Third Motion in Limine. The United States respectfully reserves the right to supplement the arguments made herein at a hearing on this motion.

Pursuant to Rule 608(a), Fed. R. Crim. Proc., the defendant seeks permission to call the defendant's sister, Christalia George, to give her opinion about Janene George's character for truthfulness and her reputation in the community for untruthfulness. Since Christalia George and Janene George are sisters, the government concedes that the defense meets the threshold test for presenting Christalia George's opinion: that is, Christalia is "acquainted" with her sister, Janene, and since they socialize together they are part of the same "community." See U.S. v. Whitmore, 399 F.3d 609, 616 (D.C. Cir. 2004).

However, the government believes that if Christalia George is permitted to offer her opinion regarding her sister's character for truthfulness and reputation in the community for untruthfulness, the government should be permitted to challenge Christalia's credibility as well. In this vein, the government believes it would be appropriate to ask Christalia during cross-examination whether she

believes that Janene George is being untruthful in this particular case because she has identified the bank robber as their brother, Melvin George. This question is critical since even if Christalia believes that Janene is *generally* untruthful, she may not think that Janene is being untruthful in this *specific* instance.

If Christalia Georges states that she believes that Janene is being untruthful in this case, the government intends to show Christalia the bank surveillance video and photographs in order to test her credibility. After viewing that evidence she might agree with Janene that the surveillance video and photos depict their brother Melvin George, thus negating her testimony about Janene's general character and reputation for untruthfulness. Or, Christalia may deny that the robber is her brother, or testify that she cannot recognize the bank robber. In either case, her testimony about the bank robber's identity is important because if a juror believes that the bank surveillance photos and video do depict the defendant, that juror could consider Christalia's inability or unwillingness to identify the robber as a reason to find her testimony regarding Janene's credibility unworthy of consideration.[1]

                                                        Respectfully submitted,

                                                        KENNETH L. WAINSTEIN
                                                        United States Attorney

By:    _____
        Frederick Yette, Bar No. 385 391
        555 4th St., NW
        Washington, DC 20530
        Frederick.Yette@usdoj.gov
        202-353-1666

---

[1] The government also may seek to challenge Christalia George's credibility by calling Janene George to offer her own opinion regarding Christalia's character for truthfulness and reputation in the community for untruthfulness. The government does not want to turn the trial into a battle between two sisters, and therefore it is not likely that we would seek to use this method of challenging Christalia George's credibility.