**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CRIMINAL NO. 06-043 (RMU)** |
| : | |
| **MELVIN GEORGE** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM IN AID OF SENTENCING**

Defendant Melvin George, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

1.      On November 14, 2006, Melvin George will come before this Court to be sentenced based on his conviction for a bank robbery offense. According to the Pre-Sentence Report (PSR) prepared by the United States Probation Office, Mr. George's Total Offense Level under the United States Sentencing Guidelines (U.S.S.G.) is 24 and his Criminal History Category is category V. The PSR concludes that Mr. George's sentencing guideline range is 92 to 115 months.

2.      While Mr. George agrees that his Criminal History Category is V, Mr. George disputes that his Total Offense Level is level 24. Because a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F) (a threat of death) is inapplicable in this case, Mr. George's correct Total Offense Level is 22. When applying this correction, Mr. George's correct sentencing guideline range is 77-96 months.

3.      Mr. George also argues in this Memorandum that, pursuant to 18 U.S.C. § 3553(a), a sentence of sixty months is the most reasonable sentence in this case when considering the various

mitigating factors which are present.

**ARGUMENT**

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S.Ct. 738 (2005). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as one, among several, sentencing factor.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme Court in Booker – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. After Booker, courts need not justify sentences outside the guideline range by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may exercise their discretion in individual cases and impose sentences which are not within the proposed guideline range.

**II. BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT MR. GEORGE'S ALLEGED STATEMENTS TO THE TELLER AMOUNTED TO A THREAT OF DEATH, A TWO LEVEL ENHANCEMENT UNDER U.S.S.G. § 2B3.1(b)(2)(F) IS INAPPLICABLE.**

According to the government's version of events, the individual who robbed the Citibank on

December 8, 2006 handed a teller at the bank a note which stated "$10,000 or everyone will be shot." The government, however, acknowledges that it is really not sure what was stated on the note. The government concedes that when the teller who received the alleged note was interviewed shortly after the robbery, she was unable to recall the note's contents. The teller, Tadelech Kelbero, testified at Mr. George's trial regarding the events of December 8. As the court may recall, Ms. Kelbero had great difficulty recalling the details of the robbery and the contents of any note she received from the robber.

It is the government who "carries the burden of proving any facts that may be relevant in sentencing." United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005). When facts are in dispute, "the Government carries the burden to prove the truth of the disputed assertion." Id.. In the instant case, Mr. George argues that the government has not met its burden with respect to proving that any note presented by the robber actually constituted a "threat of death" for purposes of enhancing his sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(F). The government has not presented the alleged note for examination and Ms. Kelbero has been consistently unable to accurately recall the contents of any note presented by the robber. Without more reliable evidence, this court cannot find that the government has met its burden for supporting the application of a two level enhancement under U.S.S.G. § 2B3.1(b)(2)(F).

    **III.**    **A SENTENCE OF SIXTY MONTHS IS THE MOST REASONABLE SENTENCE IN THIS CASE.**

        **A.**    **Background**.

During his early years, Melvin George grew up in a relatively normal household in the Washington, D.C. area. But, around the time that Mr. George's mother was murdered, Mr. George's

life had become much more unstable. Just prior to his mother's death, Mr. George moved from the Washington, D.C. area to South Carolina where he resided with his mother. Shortly after moving to South Carolina, Mr. George's mother was murdered in 1983. Mr. George was then forced to relocate back to the Washington, D.C. area where he lived with his father. As an adult, Mr. George was able to obtain a commercial driver's license for the states of Virginia and Utah and Mr. George has had good success in maintaining employment. Between about 1990 and 1999, Mr. George was employed as a laborer with two Washington, D.C. companies. From about 2002 to 2003, Mr. George worked as a truck driver for various companies.

With regard to Mr. George's criminal history, as the government points out in its sentencing memorandum, Mr. George is not new to the criminal justice system and his record dates back to when he was eighteen years of age. But, when reviewing Mr. George's criminal history, it is clear that Mr. George is not a violent person. Mr. George's record does not include any felony convictions for crimes of violence. Many of Mr. George's convictions are for offenses such as attempted unauthorized use of a vehicle or for theft related offenses.

      **B.**        **18 U.S.C. § 3553(a) Factors**.

A sentence of sixty months will more than adequately reflect the seriousness of Mr. George's offense. See 18 U.S.C. § 3553(a)(2)(A). The evidence presented by the government indicates that the bank robber was not armed with any weapon and that the robber did not injure anyone or attempt to injure anyone. The government's evidence indicates that the bank robber simply entered the bank, presented a demand note and left the bank peaceably after the teller provided him money. A sixty months jail sentence is serious punishment for the offense of conviction and it is a sentence which

will adequately reflect the seriousness of the offense.[1]  For these same reasons, a sentence of sixty months is also consistent with promoting respect for the law and with providing just punishment for the offense.  See 18 U.S.C. § 3553(a)(2)(A).

Considering that sixty months is a substantial amount of time to spend incarcerated, Mr. George's proposed sentence will provide ample deterrence for Mr. George and anyone else who may consider committing a similar crime.  See 18 U.S.C. § 3553(a)(2)(B).

Considering that sixty months is much longer than Mr. George has ever previously been incarcerated and considering that Mr. George is a skilled truck driver, Mr. George has great incentive to not get involved in any criminal conduct when he is finally released from custody.  Additionally, when released, Mr. George will have great incentive to stay out of trouble so that he can remain in the community with his three children.  Therefore, a sentence of sixty months will adequately protect the community from any further crimes on the part of Mr. George.  18 U.S.C. § 3553(a)(2)(C).

Finally, when considering the nature and circumstances of the offense along with the history and characteristics of Mr. George,[2] a sentence of sixty months is warranted.  As discussed above, the robber did not possess any weapons and no individuals were injured during the offense.  Mr. George's criminal history does not indicate that he has repeated issues with violent behavior and Mr. George has the ability to be gainfully employed upon his release.

**C.    Conclusion**.

For the reasons discussed above, a sentence of more than sixty months would be greater than

---

[1] As additional punishment, it is expected that the court will order Mr. George to serve a period of supervised release following his incarceration.  Therefore, Mr. George will remain under the court's jurisdictions for a few years following his release from imprisonment.

[2] See 18 U.S.C. § 3553(a)(1).

necessary to satisfy the statutory purposes of sentencing. See 18 U.S.C. § 3553(a). A sentence of sixty months is a just and fair sentence in this case. Therefore, a sentence of sixty months is the most reasonable resolution of this matter.

                Respectfully submitted,
                A.J. Kramer
                Federal Public Defender


                _____/s/_____
                Tony W. Miles
                Assistant Federal Public Defenders
                625 Indiana Avenue, N.W.
                Washington, D.C. 20004
                (202) 208-7500