HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-043</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| GEORGE, Melvin E. | : | Disclosure Date: <u>September 22, 2006</u> |

**FILED**

NOV 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
    ( )    There are no material/factual inaccuracies therein.
    ( )    There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                           **Date**

### For the Defendant

(CHECK APPROPRIATE BOX)
    ( )    There are no material/factual inaccuracies therein.
    (✓)    There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_/s/ Melvin George_    11-14-06        _/s/ Tony Miles_    11/14/06
**Defendant**            **Date**               **Defense Counsel**        **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>October 06, 2006</u>, to U.S. Probation Officer <u>Monica Johnson</u>, telephone number <u>(202) 565-1332</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Richard A. Houck, Jr., Chief
        United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

RECEIVED

A. J. KRAMER
*Federal Public Defender*

2006 OCT -6 A 11: 28

Telephone (202) 208-7500
FAX (202) 208-7515

October 5, 2006

**BY FAX (202) 273-0193**

Ms. Monica Johnson
United States Probation Officer
3rd & Constitution Ave., N.W.
Washington, D.C. 20001

Re: United States v. Melvin George [Cr. No. 06-043 (RMU)]

Ms. Johnson:

Attached is the signed Receipt and Acknowledgment in connection with Mr. George's Presentence Report (PSR). The following factual/material inaccuracies exist in the PSR:

-On pages 3 and 4, in the "Offense Conduct" section, Mr. George will neither confirm nor deny any facts described in this section because he will likely appeal his conviction.

-On page 4, paragraph 17, a two level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) is unwarranted. Such an enhancement is unwarranted because there is insufficient evidence regarding what exactly the robber said. It's not completely clear the robber made any threat that involved a weapon or that involved harming anyone. Additionally, even if the robber stated "$10,000 or everyone will be shot," this alleged statement is not a threat of death. It would be a threat to injure, but not a threat of death as required by U.S.S.G. § 2B3.1(b)(2)(F).

-On page 5, paragraph 21, due to the above correction, Mr. George's correct "Adjusted Offense Level (Subtotal)" is 22.

-On page 5, paragraph 24, due to the above corrections, Mr. George's correct "Total Offense Level" is 22.

-On page 9, paragraph 34, undersigned counsel understands that Mr. George's sentence in the May 24, 2006 disposition may have been less than 6o days. Without any sufficient evidence showing that Mr. George's sentence was 60 days or more, Mr. George must receive only one criminal history point for this conviction.

  -On page 9, paragraph 36, considering that the instant offense occurred only two days after Mr. George was released from custody, it is not clear if Mr. George's supervision had begun at the time of the offense. Thus, unless there is sufficient proof to show that Mr. George was actually under a criminal justice sentence at the time of the offense, Mr. George cannot be given two criminal history points pursuant to U.S.S.G. § 4A1.1(d).

  -On page 9, paragraph 38, due to the above corrections, Mr. George's correct criminal history category is category V.

  -On page 16, paragraph 90, due to the above corrections, Mr. George's correct sentencing guideline range is 77 to 96 months.

Thank you for your assistance.

                Sincerely,

                Tony W. Miles
                Asst. Federal Public Defender

cc: AUSA Frederick Yette